## COGHLAN v. DINSMORE.

December, 1867.

Affirming 9 Bosw. 453.

In an action against a collecting agent for failing to have a note protested, whereby several indorsers were discharged, the judge ruled, in several distinct propositions, that evidence relied on by defendant in respect to each indorser, to establish a waiver of protest and notice, was not sufficient. *Held*, that a single exception did not bring up for review error in one of these propositions, the others being correct.

Francis S. Coghlan sued William B. Dinsmore, president of the Adams Express Company, for damages, in the amount of a promissory note, which the company had taken to collect, and had not caused to be protested, so as to charge the indorsers. The note was made by one Nichols, and indorsed by Saltus & Co., and by one Anna Saltus.

After testimony for plaintiff, the substance of which is

stated in the opinion, defendant moved for a nonsuit, on the ground that plaintiff had not proved that the note had not been presented and protested, which was denied. Defendant then proved that the maker resided in Louisiana, and was in this State in 1861, the year in which the note was made; but did not return to his place of business, in consequence of the political troubles which prevailed at that time. He made an arrangement at that time, with Saltus & Co., by which he was to pay them one thousand dollars upon this note, and they agreed to protect the note and extend the time of payment of the balance. This they failed to do. It was agreed between them, notwithstanding this arrangement, that the note should be protested.

*The superior court* held that the maker's insolvency having been shown, defendants were liable unless they were exonerated by a waiver of protest, by Saltus & Co., or by the payment of one thousand dollars. That the latter fact was not pleaded, and if it were, it would not be available, because the money was paid to the indorsers for their own use, and not for plaintiff's. That the promise to the maker was not equivalent, as a waiver, to a promise to the holder (disapproving of Marshall *v.* Mitchell, 35 *Me.* 221), and that if it were, the agreement being private, and unknown to plaintiff, and the evidence being conflicting, it could not avail in this case. Reported in 9 *Bosw.* 453.

Judgment having been affirmed, defendant appealed.

*John H. Reynolds,* for defendant, appellant.

*Wm. Allen Butler,* for plaintiff, respondent;—As to the insufficiency of the exception, relied on the authorities cited in the following opinion.

FULLERTON, J.—The nonsuit in this case was properly denied.

When the plaintiff rested, he had proved the contract by which the defendant had received the note for collection, and agreed, if it were not paid on presentation, to have the same protested; and he had further given some testimony tending to prove that this contract had not been performed.

It appeared that, when the note was returned to the plaintiff

Coghlan *v.* Dinsmore.

by the Adams Express Company, no certificate of protest was attached to it; and the plaintiff refused to receive it for that reason. It was not then pretended, by the person having the principal charge of the affairs of the company, that the note had been protested; and he promised the plaintiff that he would write and inquire why it had not been done.

The plaintiff never heard from the company, or any of its officers, after that interview.

Upon this evidence, the jury could not properly have found that the note had not been protested, in compliance with the defendant's contract, and it would not have been proper to have taken the case from them.

After the close of the testimony, the court ruled:

1. That the evidence on the part of the defendant did not amount to proof of waiver of notice of non-payment and notice of protest, by Saltus & Co., the indorsers of said note.

2. That such evidence was not sufficient, as between the plaintiff and the defendant, to discharge the express company from the performance of their agreement.

3. That there was no sufficient evidence to go to the jury, of any waiver of notice of non-payment or notice of protest, on the part of Anna Saltus, one of the indorsers of the note.

To these three distinct propositions the defendant took a single exception, and it follows that, if any one of the propositions can be maintained, the exception is not well taken. Day *v.* Roth, 18 *N. Y.* 448; Winchell *v.* Hicks, *Id.* 558; Haggart *v.* Morgan, 5 *N. Y.* (1 *Seld.*) 422; Hunt *v.* Maybee, 7 *N. Y.* (3 *Seld.*) 266. The last of the three propositions was undisputedly correct. There is no evidence whatever in the case tending to show Anna Saltus ever waived her rights as indorser of the note.

Whatever may have transpired between the maker and the other indorsers, affecting the rights of the latter, it is not pretended that Mrs. Saltus ever participated in it, or had any knowledge of it. She was therefore entirely unaffected by the agreement by which it is claimed the other indorsers waived notice of protest. Consequently, the judge ruled correctly as to that part of the case, and the exception does not bring the other propositions under consideration.

[The remarks of the judge as to another question not passed on by the court, are omitted.]

The judgment should be affirmed, with costs.

All the judges, except BOCKES, J., absent, concurred, on the ground that the exception did not cover the error in ruling that Saltus & Co. were not proved to have waived demand and notice.

Judgment affirmed, with costs.